# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4456 | **DATE** | 9/4/2008 |
| **CASE TITLE** | Mitchell Thomas (2006-0002901) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is denied. Plaintiff's complaint is dismissed without prejudice to submitting an amended complaint. Plaintiff is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order will result in dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

     Plaintiff Mitchell Thomas (2006-002901), currently incarcerated at Cook County Jail, has filed a 42 U.S.C. § 1983 action against fellow inmate Demetrius Johnson, Sheriff Tom Dart, and Officer Coleman. Plaintiff states that plaintiff injured his head and shoulder during a fight with Johnson, and that plaintiff now has headaches and shoulder pains.

     Plaintiff's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence. Plaintiff's financial affidavit and copy of his trust fund account reveals that he has a current balance of $1,503.00. Because plaintiff is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status. 28 U.S.C. § 1915(b); *see also Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Plaintiff is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If plaintiff does not pay the filing fee within 30 days of the date of this order, the court shall enter judgment dismissing this case. *See* Local Rule 3.3(e); *Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

     Additionally, plaintiff's complaint fails to state a claim upon which relief may be granted by this Court. Plaintiff states that he was injured during an attack by a fellow inmate, Demetrius Johnson. Plaintiff names as defendants Tom Dart, Officer Coleman, and the inmate, Johnson. However, plaintiff states no allegations against Dart or Coleman. If plaintiff seeks to sue Dart and Coleman, plaintiff must provide sufficient information of his claims and their factual basis so that the defendants have adequate notice of the claims alleged against them to allow them to respond. *See* Fed. R. Civ. P. 8(a); *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Currently, the complaint alleges only a state law claim against inmate Johnson, but states no claims or basis for
**(CONTINUED)**

isk

**STATEMENT (continued)**

plaintiff's naming Tom Dart and Officer Coleman as defendants. The Court further notes that, with respect to supervisory officials, such as Sheriff Tom Dart, a complaint must allege that the official was either personally involved in some way or that there was a unconstitutional custom or policy at the jail that caused plaintiff's injuries. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Because the current complaint does not state a valid federal claim against any of the named defendants, the complaint is dismissed. If plaintiff seeks to continue with this suit, he is should submit an amended complaint that states valid claims against the defendants.

Accordingly, plaintiff's motion to proceed *in forma pauperis* is denied and his complaint is dismissed without prejudice to submitting an amended complaint. If plaintiff wants to proceed with this case, within 30 days of the date of this order, he must: (1) prepay the $350 filing fee, and (2) submit an amended complaint, plus a judge's copy and a service copy for each defendant, that states a valid claim against each defendant. The clerk shall forward an amended complaint form to plaintiff. Plaintiff should write the case number and the judge's name on the amended complaint form. Plaintiff is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. The Court will not refer to prior complaints to determine plaintiff's claims or the defendants to this action. Plaintiff should thus include all of the claims he seeks to raise in this action and name all of the defendants he seeks to sue in this suit in the amended complaint.

Plaintiff's failure to either pay or submit an amended complaint within 30 days may be construed as his desire not to proceed with this case, and will result in dismissal of this case.

DATED:  9/4/2008                    ENTER:


                                    /s/David H. Coar
                                    David H. Coar, U.S. District Judge